IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYWUAN MATHENY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:19CV00031 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRECKON, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Tywuan Matheny, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Matheny challenges the sentence imposed by the United States District Court for the Southern District of Indiana under the savings clause of 28 U.S.C. § 2255(e). The petition is presently before the court on the respondent's motion to dismiss, or in the alternative, for summary judgment. For the reasons stated, the court will grant the respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

**Background**

Court records from the Southern District of Indiana indicate that on October 15, 2014, a grand jury returned a two-count indictment against Matheny, charging him with armed robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and with brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See United States v. Matheny, Case No. 1:14-CR-00210 (S.D. Ind. Oct. 15, 2014), ECF No. 26.

On July 9, 2015, Matheny pled guilty to both counts pursuant to a written plea agreement. United States v. Matheny, Case No. 1:14-CR-00210 (S.D. Ind. July 9, 2015), ECF No. 73. That plea agreement contained stipulations that Matheny had two prior convictions for robbery for purposes of qualifying as a career offender under the advisory United States Sentencing Guidelines

("U.S.S.G.") § 4B1.1.  Id.  Matheny appeared for sentencing on July 16, 2015.  The court found that these two robberies qualified as crimes of violence, and sentenced Matheny as a career offender to an aggregate term of 252 months of incarceration.  United States v. Matheny, Case No. 1:14-CR-00210 (S.D. Ind. July 23, 2015), ECF No. 80; Matheny v. United States, No. 1:16-CV-00518, 2017 WL 956364, at *1 (S.D. Ind. Mar. 13, 2017).  The sentence imposed was well below the Guideline range stipulated to by the parties in Matheny's plea agreement: 272–319 months.  United States v. Matheny, Case No. 1:14-CR-00210 (S.D. Ind. July 9, 2015), ECF No. 73 at 5.

## Procedural History

On March 7, 2016, Matheny first filed a petition for relief under 28 U.S.C. § 2255 in the Southern District of Indiana, challenging his designation as a career offender under the Guidelines, and alleging ineffective assistance of counsel.  See United States v. Matheny, Case No. 1:14-CR-00210 (S.D. Ind. Mar. 7, 2016), ECF No. 86.  Judge Pratt denied Matheny's petition after briefing from Matheny and the United States.  Matheny, 2017 WL 956364, at *4.  Judge Pratt also denied Matheny a certificate of appealability under Federal Rule of Appellate Procedure 22(b).  Id.

Matheny brought the present § 2241 petition in the Southern District of Indiana on January 11, 2019.  See ECF No. 1.  On January 14, 2019, Judge Hanlon of the Southern District of Indiana transferred Matheny's petition to this District under 28 U.S.C. § 2241(a) because Matheny was then incarcerated in Virginia.  See ECF No. 3; ECF No. 1-1 (envelope, which contained petition, with a return address of "USP Lee" in Jonesville, Virginia).

## Standard of Review

Matheny was convicted in the United States Court of Appeals for the Seventh Circuit, but is incarcerated in this District.  As a result, the procedural law of the United States Court of Appeals for the Fourth Circuit applies, but Seventh Circuit substantive law governs the petition.  See Hahn

v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) (applying In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) in determining applicability of 28 U.S.C. § 2255(e), but Tenth Circuit law to the substantive merits of the petition). In addition, "[a] party is not permitted to waive subject matter jurisdiction." United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019).

## **Discussion**

The United States raises multiple arguments in the motion to dismiss filed on behalf of the respondent. First, the United States argues that Matheny's claims have been fully litigated in a prior § 2255 petition. Second, the United States claims that Matheny's petition is barred by the terms of his plea agreement. Third, the United States contends that Matheny cannot satisfy the requirements of the savings clause in 28 U.S.C. § 2255(e). The court will grant the United States' motion on this third ground, and thus, need not consider other purported bases for dismissal.

Generally, prisoners convicted in federal court "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if § 2255 is "'inadequate or ineffective to test the legality of [his] detention.'" In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)).

In Wheeler, the Fourth Circuit outlined when the savings clause may be used to challenge an allegedly unlawful sentence. Id. at 428–29. Specifically, the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was

3

> deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). These requirements are jurisdictional. Id. at 425–26. Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal sentence. Id. For the following reasons, the court concludes that Matheny's claim fails to satisfy all four Wheeler requirements.

At the core of his petition, Matheny argues that the residual clause of U.S.S.G. § 4B1.2(a)(2) (2009) is invalid in light of Mathis v. United States, 136 S. Ct. 2243 (2016) and cases arising under Johnson v. United States, 559 U.S. 133 (2010), and that he did not otherwise qualify for the career-offender enhancement under the Guidelines. There are two problems with Matheny's argument.

First, the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017) forecloses Matheny's challenge to the residual clause of the career-offender provision in U.S.S.G. § 4B1.2(a). In Beckles, the Supreme Court declined to extend the reasoning in Johnson to the advisory Sentencing Guidelines, holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge and that § 4B1.2(a)'s residual clause is not void for vagueness." Beckles, 137 S. Ct. at 895. As a result, Matheny's challenge based on vagueness does not fall within the scope of Johnson.

Second, Matheny's challenge to the application of the career-offender provisions is "undoubtedly . . . bar[red]" by the Fourth Circuit's decision in United States v. Foote, 784 F.3d 931 (4th Cir. 2015) because he was sentenced under the advisory Sentencing Guidelines. Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018); see also Kornegay v. Warden, FCI Butner, 748 F.

4

App'x 513, 514 (4th Cir. 2019) (holding that Foote barred a § 2241 petition filed by a petitioner sentenced as a career offender under the advisory Sentencing Guidelines). In Foote, the Fourth Circuit "distinguished a misapplied career offender enhancement from fundamental defects such as 'sentences issued in excess of the maximum authorized by law.'" Lester, 909 F.3d at 715 (quoting Foote, 784 F.3d at 942); Wheeler, 886 F.3d at 431–32 & n.9 (distinguishing Foote from case in which the sentencing court had erroneously applied a statutory mandatory minimum sentence, and stating the "advisory" nature of the Guidelines, which do "not carry the weight and effect of a statute," was "central" to the decision in Foote). The Fourth Circuit concluded that the petitioner's claim that he was erroneously sentenced as a career offender under the advisory Sentencing Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice." Foote, 784 F.3d at 940. Accordingly, the court lacks jurisdiction over Matheny's petition.

## Conclusion

For the reasons stated, the court concludes that Matheny's challenge to the validity of his federal sentence does not satisfy the requirements set forth in Wheeler, and is therefore not properly brought in a petition for writ of habeas corpus under § 2241. As a result, the court will grant the respondent's motion to dismiss and dismiss the petition without prejudice for lack of jurisdiction.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 21st day of February, 2020.

_____
Senior United States District Judge

5